# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

BERNARD C. McGEE,

    Petitioner,

v.                                                    CASE NO. 4:08cv411-RH/GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____/

## ORDER DENYING PETITION

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 28, and the objections, ECF No. 30. I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with this additional note.

One of the petitioner's claims is that the attorney who handled the petitioner's direct appeal rendered ineffective assistance by failing to obtain a transcript of the jury selection and to argue, based on the transcript, that two jurors should have been excused for cause. A transcript is still not available, but the

petitioner says that each of the jurors had been the victim of an armed robbery and had a favorable impression of the police investigation of the robbery.  The petitioner says each juror said only that he would try to be impartial or would do his best, not that he would actually be able to be impartial.  The petitioner knew about this when it occurred and knew the trial judge overruled his trial attorney's request to strike the jurors for cause, but, as the petitioner acknowledges in his objections to the report and recommendation, the petitioner did not tell his appellate attorney.  The petitioner says the attorney nonetheless should have obtained a transcript of the jury selection to check for just such issues as this.

      The claim fails at several levels.  First, an appellate attorney need not obtain and read a transcript of jury selection when there is no reason to believe an error occurred.  Many, probably most, transcripts are provided at public expense.  Expense is no reason to forego a transcript that might make a difference.  But when, as in most cases, there is no reason to believe an error has occurred during jury selection, the public ought not have to pay a court report to prepare a transcript and an appellate attorney to review it.  Instead, an appellate attorney should be able to rely on the trial attorney and the defendant to tell the appellate attorney about a potential issue.  A different view would work a major change in the procedure followed in many state and federal courts; many attorneys who are retained or appointed to handle an appeal do not obtain and read a jury-selection

transcript without a reason to believe an error occurred, and indeed some judges routinely deny a request for a voir-dire transcript in those circumstances.

Second, even on the petitioner's version of the facts, he has failed to establish that a constitutional error occurred during jury selection.  A juror who has been the victim of an armed robbery is not necessarily disqualified for cause in an armed-robbery case.  Such a victim might or might not start out with a bias; the point of the trial, after all, is to determine whether the defendant committed the robbery, not whether robberies are good or bad.  A rational victim has no greater reason than anyone else to favor the conviction of an innocent defendant.  Even so, many victims are biased and more likely to convict.  But the Constitution does not require the disqualification of a juror who was a victim of another robbery without grounds to believe the specific juror is biased; that *some* jurors in this situation are biased is not enough to require the disqualification of all.

Third, and perhaps most importantly, the issue here is not whether I would strike these jurors for cause if a trial before me was just beginning.  The issue is whether the state court's rejection of the petitioner's ineffective-assistance claim was based on an unreasonable determination of the facts or was contrary to or based on an unreasonable application of federal law as established by the Supreme Court.  It plainly was not.  During the jury-selection process, the trial judge found these jurors unbiased.  The report and recommendation correctly concludes that the

finding is entitled to deference, and it is reasonable, even on the petitioner's proffered version of the facts.  Anyone who has presided over many jury selections knows that a potential juror may say "I'll try" to be fair in any of at least three circumstances: when the juror is sure he can serve fairly and is expressing his willingness to do so; or when the juror has a bias, doubts his ability to serve fairly, but doesn't want to seem to be ducking jury service; or when the juror is genuinely unsure about his ability to serve fairly.  A trial judge observing the juror may be able to interpret "I'll try" with some confidence based on how the juror says it and other circumstances.  There is no reason to believe the trial judge here failed to make a reliable determination that these jurors could serve fairly.  That the trial attorney chose not to use a peremptory challenge on these jurors—or to mention the issue to the appellate attorney—is perhaps some indication that the attorney agreed with the judge's apparent assessment.  And in any event, there is no reason to believe, from the petitioner's description, that obtaining a transcript would change any of this.

This order therefore denies the petition.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may be issued only if a petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (explaining the meaning of this term); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (same); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Slack*, 529 U.S. at 483-84, *quoting Barefoot*, 463 U.S. at 893 n.4.  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

The petitioner has made the required showing on only the single issue noted below.

For these reasons,

*Case No: 4:08cv411-RH/WCS*

IT IS ORDERED:

1.	The report and recommendation is ACCEPTED and adopted as the court's opinion except on the issue of a certificate of appealability.

2.	The clerk must enter judgment stating, "The petition is DENIED with prejudice."

3.	A certificate of appealability is GRANTED on this issue: whether the claim that the appellate attorney rendered ineffective assistance on the jury-selection issue was properly denied without obtaining a transcript of jury selection and without an evidentiary hearing.

4.	The clerk must close the file.

SO ORDERED on September 19, 2011.

<u>Robert L. Hinkle</u>
United States District Judge